UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHIRLEY HAMPTON, | Case No.: 2:19-cv-01385-JAD-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| SPRING MOUNTAIN TREATMENT CENTER et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Shirley Hampton's Application to Proceed *In Forma Pauperis* (ECF No. 2), attached to which was a Complaint for Employment Discrimination (ECF No. 2-1) pursuant to Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621 to 634.

**I.     *In Forma Pauperis* Application**

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under the Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff's complaint asserts employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. *See* ECF No. 2-1 at 4. Claims under both statutes invoke the Court's federal jurisdiction.

**IV. Plaintiff's Claims**

Having determined that federal-question jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim. Plaintiff brings claims for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq. Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted state or federal Equal Employment Opportunity Commission ("EEOC") administrative procedures. If the EEOC decides not to sue, and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. 42 U.S.C. § 2000e-5(f)(1). Here, Plaintiff attached a right-to-sue letter from the EEOC to her complaint. ECF No. 2-1 at 9. Thus, it appears Plaintiff has exhausted her administrative remedies.

Within 90 days of receipt of the dismissal and right-to-sue letter from the EEOC, an individual may file a lawsuit against the respondent under federal law based on Title VII in federal or state court. 29 C.F.R. § 1601.28(e)(1). On May 15, 2019, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Right to Sue letter to Plaintiff. ECF No. 2-1 at 9. Plaintiff received the right to sue letter on May 18, 2019, and subsequently filed the instant action on August 12, 2019. *Id*. at 6. Therefore, Plaintiff's employment discrimination complaint pursuant to Title VII is timely.

Upon 60 days of filing a charge with the EEOC, but no later than 90 days after one receives notice that the EEOC's investigation is concluded, one may file a lawsuit in court pursuant to ADEA. Plaintiff noted that 60 days or more have elapsed since filing her charge of age discrimination with the EEOC regarding the defendants' alleged discriminatory conduct. ECF No. 2-1 at 6. For the reasons stated above, Plaintiff's employment discrimination complaint pursuant to ADEA is timely.

To sufficiently allege a *prima facie* case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees not in her protected class received more favorable treatment. *See Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447

F.3d 748, 753 (9th Cir. 2006)). In screening Plaintiff's complaint and construing it liberally, the Court looks in part to the attachments provided. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint).

As stated above, Plaintiff Shirley Hampton's *in forma pauperis* application was accompanied by a complaint for employment discrimination, which appears to allege race, religion, and age discrimination against Defendants Spring Mountain Treatment Center, Universal Health Services, "Case Manager Supervisor Kelsey," "Case Manager Diana," "Case Manager Shavonne," "Ronneka, RN," "Patina," "James, RN," "Case Manager Shannon," and "Case Manager Sarah." *See* ECF No. 2-1 at 1–3.

There is no individual liability for discrimination or harassment under federal or Nevada state law. *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) (holding individual defendants cannot be liable for damages under Title VII and ADEA); *see also U.S. E.E.O.C. v. Caesars Entm't*, 2006 WL 1168840, *3 (D. Nev. Apr. 25, 2006) ("[T]he court sees no meaningful distinction between Title VII and Nevada's statutory scheme in relation to the reasoning used in *Miller*. Therefore, it appears to this court that the Nevada Supreme Court would find that there is no liability for an individual pursuant to [Nevada's anti-discrimination statutes]."). Therefore, Plaintiff's claims against "Case Manager Supervisor Kelsey," "Case Manager Diana," "Case Manager Shavonne," "Ronneka, RN," "Patina," "James, RN," "Case Manager Shannon," and "Case Manager Sarah" fail to state claims upon which relief may be granted.

Plaintiff states that, to the best of her recollection, the alleged discriminatory acts occurred on May 18, 2018 through June 1, 2018. *See* ECF No. 2-1 at 5. Plaintiff alleges that the Defendants:

> [A]llowed a younger white female . . . to complete her 90 day probationary period and terminated plaintiff's probationary period before 30 days or before the 90 day probationary period. Defendants retaliatted [sic] against plaintiff's [sic] when she reported acts of discrimination & sexual harassment by aborting her employment and terminating her. Defendants all created extremely hostile work environment for plaintiff.

*Id.* at 6.

The Court finds Plaintiff's race discrimination claim fails to sufficiently allege facts upon which relief may be granted pursuant to the standards established in *Iqbal*, 556 U.S. at 679. That is, Plaintiff fails to demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Plaintiff has not alleged to what protected class she belonged and, therefore, has not alleged that similarly situated employees not in her protected class received more favorable treatment. The Court will therefore dismiss Plaintiff's race discrimination claim with leave to amend.

The Court finds Plaintiff's religious discrimination claim fails to sufficiently allege facts upon which relief may be granted pursuant to the standards established in *Iqbal*, 556 U.S. at 697. Plaintiff checked a box on her complaint indicating that Defendants discriminated against her based on her religion (ECF No. 2-1 at 5). Notwithstanding, Plaintiff offered no facts to support her religious discrimination claim. Plaintiff has failed to properly plead a claim for religious discrimination, but the Court cannot conclude that she could never properly plead this claim. The Court will therefore dismiss Plaintiff's religious discrimination claim with leave to amend.

To sufficiently allege a *prima facie* case of retaliation in violation of Title VII to survive a § 1915 screening, Plaintiff must allege: (1) that he or she committed a protected act, such as complaining about discriminatory practices; (2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Jenkins v. Lab. Corp. Of Am.*, 2013 U.S. Dist. Lexis 118008, *5 (D. Nev. Aug. 20, 2013) (citing *Davis v. Team Elec Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008)). Here, Plaintiff alleges that she complained of discriminatory treatment, that her employment was thereafter terminated, and that the termination was retaliation for engaging in protected activity. *See* ECF No. 1-1 at 3–4. Plaintiff has, therefore, stated a retaliation claim against her employer.

To sufficiently allege a *prima facie* case of discrimination in violation of ADEA to survive a § 1915 screening, Plaintiff must show that (1) she is at least 40 years of age; (2) she was performing her job satisfactorily; (3) she was fired; and (4) she was replaced by substantially younger employees

with equal or inferior qualifications or discharged under circumstances that give rise to an inference of age discrimination. *Guinn v. Yellow Checker Star, Inc.*, No. 2:15-cv-00344-APG-GWF, 2015 WL 4092080, *3 (D. Nev. July 7, 2015). Plaintiff states that she was born in 1960, and therefore, she is at least 40 years of age. ECF No. 2-1 at 5. As noted above, the Plaintiff does not discuss her own job performance. *Id*. Further, Plaintiff does allege that she was fired, but does not make clear whether a younger employee with equal or inferior qualifications replaced her, or if Defendants simply allowed the replacing party to complete her 90 day probationary period. *Id*. at 6. Plaintiff has failed to properly plead a claim for age discrimination, but the Court cannot conclude that she could never properly plead this claim. The Court will therefore dismiss Plaintiff's age discrimination claim with leave to amend.

Hence, construing Plaintiff's pleadings liberally, she has failed to state a claim for race, religious, or age discrimination. The Court therefore will dismiss Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED. Plaintiff will not be required to pay the filing fee in this action.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Complaint be dismissed without prejudice with leave to amend. Plaintiff shall have 30 days from the date of this Order to file an amended complaint correcting the noted deficiencies. If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and Defendants' conduct that constitutes discrimination. *See* Fed. R. Civ. P. 8(a)(2). Although the

Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendants fair notice of the Plaintiff's claims against them and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 2-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

DATED THIS 19th day of August, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE